Lopez-Lopez v. Garland

BIA
Brennan, IJ
A208 293 749

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand twenty-two.

PRESENT:
>       RAYMOND J. LOHIER, JR.,
>       STEVEN J. MENASHI,
>       BETH ROBINSON,
>             *Circuit Judges.*

---

GLORIA LOPEZ-LOPEZ,
>       *Petitioner*,

> v.                                      **20-1447**
>                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

---

FOR PETITIONER:         Reuben S. Kerben, Kew Gardens, NY.

FOR RESPONDENT:         Brian Boynton, Acting Assistant Attorney General; Margaret Perry, Senior Litigation Counsel; Craig W. Kuhn, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gloria Lopez-Lopez, a native and citizen of El Salvador, seeks review of an April 2, 2020 decision of the BIA affirming a July 17, 2018 decision of an Immigration Judge ("IJ") that denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gloria Lopez-Lopez,* No. A 208 293 749 (B.I.A. Apr. 2, 2020), *aff'g* No. A 208 293 749 (Immig. Ct. N.Y. City July 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA and consider only the grounds for the IJ's decision that the BIA relied on. We therefore do not address the IJ's adverse credibility determination.[1] *See Xue Hong Yang v.*

---

[1] The BIA stated that it "affirm[ed] the [IJ's] decision for the reasons set forth by the [IJ]," but it did not explicitly address credibility. Although it is unclear if the BIA intended to rely on the adverse credibility determination, the other grounds it specifically discussed were sufficient

*U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

The Government argues that we should dismiss the petition because Lopez-Lopez's brief does not satisfy the requirements of Federal Rule of Appellate Procedure 28(a). We agree that Lopez-Lopez's counsel did not fully comply with the rule, but the brief otherwise raises identifiable arguments for review, and we therefore decline to dismiss on that basis. *See Sioson v. Knights of Columbus*, 303 F.3d 458, 459-60 (2d Cir. 2002) (noting that the absence of a statement of facts may be "overlooked" in favor of ruling on the merits); *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[W]e have expressed a strong preference for resolving disputes on the merits.") (quotation marks omitted).

An asylum applicant has the burden of establishing either past persecution or a well-founded fear of persecution and

---

bases for the agency's decision. Accordingly, we decline to rely on the credibility ruling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also* 8 C.F.R. § 1208.13(b). A past persecution claim can be based on harm other than "threats to life or freedom . . . including non-life-threatening violence and physical abuse." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (quotation marks, brackets, and citation omitted); *see also Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). However, the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341.

With these principles in mind, we conclude that substantial evidence supports the agency's determination that Lopez-Lopez did not demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). Lopez-Lopez testified that she witnessed a gang killing outside of her home and then received threats from gang members, first in 2012 and then again after returning to El Salvador in 2015. She contends that these threats constituted persecution based on her membership in a particular social group. To constitute a particular social

4

group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). "To be socially distinct, a group . . . must be perceived as a group by society." *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 240).

The agency did not err in rejecting Lopez-Lopez's proposed particular social group of "young people who resist becoming members of Mara" as lacking in particularity and social distinction. *See Gomez v. INS*, 947 F.2d 660, 664 (2d Cir. 1991) ("Possession of broadly-based characteristics such as youth and gender will not by itself endow individuals with membership in a particular group."); *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584-87 (B.I.A. 2008) (proposed groups of "Salvadoran youths who have resisted gang recruitment" are neither particular nor distinct). Lopez-Lopez did not establish shared traits that would identify members of her group to Salvadoran society or produce evidence suggesting that Salvadoran society regards youth resisting gang membership as a distinct social group. *See Paloka*, 762 F.3d at 196 ("Persecutory conduct aimed at a social group cannot

5

alone define the group, which must exist independently of the persecution.") (quotation marks omitted).

Nor is there evidence that the gang targeted Lopez-Lopez based on either her membership in the group or a political opinion of hers, as opposed to its general criminal motives. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."); *see also Hernandez-Chacon v. Barr*, 948 F.3d 94, 101–02 (2d Cir. 2020) (upholding BIA's denial of social group claim because evidence did not show that Salvadoran society perceived women who rejected advances of gang members as being at greater risk than anyone else who did not "comply with a gang member's demands").

For the same reasons, we conclude that Lopez-Lopez has failed to establish her entitlement to withholding of removal, which involves a higher burden of proof than does entitlement to asylum. *See Ramsameachire v. Ashcroft*, 357 F.3d 169,178 (2004) (recognizing that because the withholding of removal analysis involves a higher burden of proof, an alien who fails to establish entitlement to asylum

6

necessarily fails to establish entitlement to withholding of removal).

We do not reach Lopez-Lopez's CAT claim because she does not advance any arguments in support of it in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (deeming CAT claim abandoned where petitioner failed to address it in the opening brief).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

```
                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk of Court
```